# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK J. KILLIAN,<br><br>  Plaintiff,<br>  vs.<br><br>HON. LEON PANETTA, Secretary; U.S. DEPARTMENT OF DEFENSE; JOHN DOE 1 through 20; SHIRLEY MILES, Dir. DODEA; CHARLES TOTH, Dep. Dir. DODEA; EDWARD BANKA, Dep. Dir. HR,<br><br>  Defendants. | CASE NO. 12cv828 JLS (DHB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 13) |

On April 5, 2012, Plaintiff Frederick J. Killian ("Plaintiff") filed his First Amended Complaint against Defendants Leon Panetta, Secretary of the Department of Defense, Shirley Miles, Charles Toth, and Edward Banka ("Defendants") claiming: (1) age discrimination, (2) breach of implied contract, (3) fraud, (4) willful misconduct, (5) gross negligence, and (6) negligence. (FAC, ECF No. 3.) On September 24, 2012, Defendants moved to dismiss counts two through six of Plaintiff's FAC, as well as all individual defendants. (ECF No. 13.)

On September 26, 2012, the Court set a briefing schedule on Defendants' motion. (ECF No. 14.) Pursuant to the briefing schedule, Plaintiff's opposition to Defendants' motion was due by October 11, 2012. On October 10, the Court granted Plaintiff's *ex parte* motion to extend Plaintiff's time to respond to October 25, 2012, and reset the motion hearing set for November 8, 2012. As of the date of this Order, Plaintiff has failed to oppose Defendants' motion.

1  "The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond." *Navarro v. Greenlight Fin. Servs.*, No. 10cv1631, 2010 U.S. Dist. LEXIS 111018, at *3–4 (S.D. Cal. Oct. 19, 2010) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).  Under Civil Local Rule 7.1.f.3.c, "[i]f an opposing party fails to file the papers in the manner requested by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."   Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by court order.

Although public policy favors disposition of cases on their merits, *see, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), "a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12(b)(6) motion," *Navarro*, 2010 WL 4117444, at *2.  "Thus, this policy lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction." *Id.*  The public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the potential prejudice to Defendants all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53.  The Court finds that the granting of Defendants' motion pursuant to Civil Local Rule 7.1(f)(3)(c) serves to vindicate these interests given that several cases on similar footing are currently pending before the Court and awaiting resolution.

The Court **GRANTS** Defendants' motion to dismiss **WITHOUT PREJUDICE**.  Accordingly, the Court **DISMISSES** counts two through six of Plaintiff's FAC, and dismisses Defendants Shirley Miles, Charles Toth, Edward Banka, and all DOES from this action.  If Plaintiff wishes, he **SHALL FILE** an amended complaint addressing the deficiencies raised in Defendants' motions within 21 days of the date that this Order is electronically docketed.

**IT IS SO ORDERED.**

DATED: November 14, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge