# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| FREDERICK J. KILLIAN, | CASE NO. 12cv828 JLS (DHB) |
|---|---|
| Plaintiff, | **ORDER: (1) DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION; AND (2) DENYING PLAINTIFF'S MOTION FOR REMITTANCE OF FILING FEE** |
| vs. | |
| HON. LEON PANETTA, Secretary; U.S. DEPARTMENT OF DEFENSE; JOHN DOE 1 through 20; SHIRLEY MILES, Dir. DODEA; CHARLES TOTH, Dep. Dir. DODEA; EDWARD BANKA, Dep. Dir. HR, | (ECF Nos. 41, 43, 46) |
| Defendants. | |

Presently before the Court are Plaintiff Frederick J. Killian's Motion for Reconsideration (ECF No. 41), and Amended Motion for Reconsideration (ECF No. 43). Also before the Court is Plaintiff's Petition to Have $455.00 Filing Fee for 9th Circuit Court Appeal that Wasn't Conducted Remitted. (ECF No. 46.) For the reasons discussed below, the Court **DENIES** Plaintiff's motions.

# BACKGROUND[1]

On April 5, 2012, Plaintiff Frederick J. Killian ("Plaintiff") filed the First Amended Complaint ("FAC") against Defendants Leon Panetta, Secretary of the Department of Defense, Shirley Miles, Charles Toth, and Edward Banka ("Defendants") claiming: (1) age discrimination, (2) breach of implied contract, (3) fraud, (4) willful misconduct, (5) gross negligence, and (6) negligence. (ECF No. 3.)

Plaintiff alleges that Defendants denied Plaintiff an interview for employment by the Department of Defense Education Activity ("DODEA"). Specifically, Plaintiff contends that Defendants discriminated against him because of his age by intentionally excluding older applications for the available positions by imposing a recency standard.

On September 24, 2012, Defendants moved to dismiss counts two through six of Plaintiff's FAC, as well as all individual defendants. (ECF No. 13.) On November 14, 2012, the Court granted Defendants' motion to dismiss without prejudice after Plaintiff failed to timely file an opposition. (ECF No. 23.) Plaintiff subsequently filed an Appeal to Motion to Dismiss alleging a severe medical condition that prevented him from timely filing his opposition. (ECF No. 25.) Construing Plaintiff's filing as a motion for extension of time, the Court vacated the November 14, 2012 Order granting Defendants' motion to dismiss and allowed Plaintiff to file an opposition by January 24, 2013. (ECF No. 26.) Plaintiff filed his opposition on January 4, 2013. (ECF No. 30.)

On April 29, 2013, the Court granted Defendants' motion to dismiss. (ECF No. 34.) Plaintiff immediately appealed the Court's April 29, 2013 Order. (ECF No. 35.) On June 21, 2013, the U.S. Court of Appeals for the Ninth Circuit issued an Order dismissing Plaintiff's appeal for lack of jurisdiction because the order challenged in the appeal was not final or appealable. (ECF No. 39.)

On July 3, 2013, Plaintiff filed his first motion for reconsideration of the Court's April 29, 2013 Order. (ECF No. 41.) On the same day, Plaintiff filed a nearly identical

---

[1] The factual background is based on the factual allegations as set forth in Plaintiff's FAC. (*See generally* FAC, ECF No. 3.)

amended motion for reconsideration of the Court's April 29, 2013 Order. (ECF No. 43.) On July 24, 2013, Plaintiff filed the instant petition for the refund of the $455.00 filing fee for his Ninth Circuit appeal. (ECF No. 46.)

**LEGAL STANDARD**

In the Southern District of California, motions for reconsideration are governed by Local Rule 7.1(i). Local Rule 7.1(i)(1) allows a party to apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. Civ. R. 7.1(i). The moving party must provide the Court with an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown." *Id.* Further, "[e]xcept as may be allowed under Rules 59 and 60," the party must bring the motion within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. Civ. R. 7.1(i)(2).[2]

"[D]istrict courts have the authority to reconsider and revise interlocutory orders, such as orders granting motions for partial summary judgment." *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D.Cal. 2003) (citing *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996)); Fed. R. Civ. P. 54(b). Generally, courts will reconsider a decision if a party can show (1) new facts, (2) new law, or (3) clear error in the Court's prior decision. *See, e.g.*, *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Hydranautics*, 306 F. Supp. 2d at 968 (S.D.Cal. 2003). Reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis

---

[2]The deadline for Plaintiff to file a motion for reconsideration of the Court's April 29, 2013 Order was May 27, 2013. However, Plaintiff did not file his motions for reconsideration until July 3, 2013. Although the Court, in denying these motions, has considered them on the merits, the Court informs Plaintiff that any further untimely filings may be disregarded or stricken by the Court.

in original). Nor should it be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Cf. Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del.1990). Ultimately, the decision on a motion for reconsideration lies in the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003) (citing *Kona Enter.*, 229 F.3d at 883).

## ANALYSIS

### I. Motions for Reconsideration

Plaintiff seeks reconsideration of the Court's April 29, 2013 Order granting Defendants' motion to dismiss. (ECF No. 34.) In the April 29, 2013 Order, the Court dismissed Plaintiff's claims against the individual defendants and further dismissed Plaintiff's claims for breach of implied contract, fraud, willful misconduct, gross negligence, and negligence. (*Id.*)

Plaintiff contends that reconsideration is warranted because the decision was made without "Plaintiff having been afforded a hearing or a Jury Trial." (ECF No. 43 at 2.) The hearing set for Defendants' motion to dismiss on November 8, 2012, was vacated and the matter taken under submission without oral argument pursuant to Civil Local Rule 7.1.d.1. (ECF No. 22.) Plaintiff alleges that he believed the hearing date would be reset, and that a hearing on the motion is "imperative" as it would "give the Plaintiff the opportunity to ask, during a Discovery phase, questions DODEA senior officials would not answer, could not answer, or obfuscated about during the EEO sham investigation." (ECF No. 43 at 3-4.)

Plaintiff does not present any new facts or new law in support of his motions for reconsideration. Plaintiff had an opportunity to file, and did file, an opposition to Defendants' motion to dismiss. (ECF No. 30.) It is within the discretion of the Court to decide a motion without oral argument, and Plaintiff has failed to provide any legal support to the contrary. CivLR 7.1.d.1. Accordingly, the Court **DENIES** Plaintiff's motions for reconsideration.

///

**II.     Motion for Remittance of Filing Fee**

Plaintiff seeks a refund of the $455.00 fee paid to file an appeal with the Ninth Circuit Court of Appeals. (ECF No. 46.) Plaintiff appears to contend that he is entitled to a refund of the filing fee because the Ninth Circuit dismissed his appeal before a motion or brief was filed. (ECF No. 46 at 3.)

Here, Plaintiff independently made the decision to appeal the Court's April 29, 2013 Order. Plaintiff has not cited, and the Court has not found, any authority permitting, let alone requiring, the Court to refund the filing fee. Although the Court is aware that Plaintiff is proceeding *pro se*, it is Plaintiff's obligation to perform the necessary research to determine whether or not his appeals have any merit. Accordingly, Plaintiff's motion is **DENIED**.

**CONCLUSION**

For the aforementioned reasons, the Court **DENIES** Plaintiff's motions for reconsideration and further **DENIES** Plaintiff's motion for a remittance of his filing fee.

**IT IS SO ORDERED**.

DATED: August 13, 2013

Honorable Janis L. Sammartino
United States District Judge